IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>RONALD WAYNE PETTIT<br>Debtor. | CASE NO. 20-41570 |
| MARK A. WEISBART, CHAPTER 7 TRUSTEE<br>Plaintiff<br><br>v.<br><br>RONALD WAYNE PETTIT,<br>Defendant | Adv. No. 21-04011 |

### DEFENDANT'S AMENDED ANSWER

Subject to his Motion to Dismiss, the Defendant Ronald Wayne Pettit, answers the Plaintiff's Complaint as follows:

1. I admit the procedural elements of paragraphs 1 – 5 of the Complaint.

2. I admit paragraphs 6 through 9 of the Complaint.

3. I do not have a transcript of the Initial Meeting or the Continued meeting so cannot admit or deny that I made the exact statements alleged by the Plaintiff. I may have. However, if I did, I made them with the belief that they were true and accurate at the time that I made them. With respect to 10(b), I did file bankruptcy about 25 years ago, I was nervous and forgot about it at the time. With respect to 10(c), the Colorado property is raw land as far as I know. With respect to 10(d), I still maintain that I have no interest in the residence. Since I made that statement, I have seen a recorded deed that has my name on it. However, I made a search and could not find my name listed in the deed index and it is not on the Denton CAD. I do not claim nor have I ever claimed in interest in the property, never made any payments and did not make or contribute to the down payment. I still insist it is not my property.

4. With respect to paragraph 11, again, I do not have a copy of the transcript and do not remember what exactly I said. The items listed in paragraph 11 are true so if I did state the items listed in paragraph, they are true.

5. With respect to 12.a), I still maintain that I do not own the property, notwithstanding that my name may be on the deed and deny that I owe anything on it.

      6. With respect to 12.b), I overlooked the golf clubs. I certainly did not try to hide that I owned any golf clubs.

      7. With respect to 12.c), Creative Construction Group LLC was an LLC at the times that it operated. After it shut down, my accountant dissolved it.

      8. With respect to 12.d), I was unaware that the sale was a transfer until I got into a yelling match with my attorney. I now understand that it was a transfer but I did not try to hide it and I gave the trustee all of the information he requested concerning the sale.

      9. While the Scheduled left off my wife's employment detail, it did schedule her net income on Schedule I and identified it as her net income. I did not try to hid anything and when the trustee asked it, I told him. I even gave him all financial information about my wife that he asked for.

      10. Therefore I deny paragraphs 13 through 16.f) and deny that I intentionally gave any false information whatsoever.

      Wherefore, I pray that the Plaintiff's Complaint be denied.

Respectfully Submitted,

Ronald W. Pettit
2740 Cromwell
Lewisville, TX 75056-6752
469-450-8212
ronpettit@me.com

## CERTIFICATE OF SERVICE

I certify that on March 22, I served a true and correct copy of the above and foregoing on

Mark A. Weisbart
THE LAW OFFICE OF MARK A WEISBART
12770 Coit Rd., Ste. 541
Dallas, TX 75251

_____
Ronald W. Pettit