

EOD
09/09/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RONALD WAYNE PETTIT | § | Case No. 20-41570 |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| MARK A. WEISBART | § | |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 21-04011 |
| | § | |
| RONALD WAYNE PETTIT, JR. | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S AMENDED MOTION TO DISMISS

Before the Court for consideration is the "Amended Motion to Dismiss" (the "Amended Motion") filed by the Defendant Ronald Wayne Pettit, Jr. (the "Defendant" or "Debtor") on March 22, 2021, which alleges that dismissal of the complaint in this adversary proceeding is warranted.[1]  Plaintiff and Chapter 7 Trustee, Mark A. Weisbart (the "Plaintiff" or "Trustee") alleges in his "Amended Complaint Objecting to Discharge" (the "Amended Complaint") that the Defendant gave false oaths pursuant to 11 U.S.C. §

---

[1] The Defendant does not cite any particular provision of Fed. R. Civ. P. 12(b) as authority for the Amended Motion. It appears to the Court that the Defendant's Amended Motion is most reasonably understood as one filed either under Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012.

727(a)(4). On April 4, 2021, Trustee filed an objection in opposition to the Amended Motion. Upon due consideration of the pleadings and the relevant legal authorities, the Court agrees with the substance of the Defendant's Amended Motion. For the reasons stated in this Memorandum of Decision and Order, the Defendant's Amended Motion should be GRANTED in part and DENIED in part.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). The Court has the authority to enter a final judgment in this adversary proceeding because it constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## II. Factual and Procedural Background[2]

The Defendant initiated the main bankruptcy case (the "Main Case") associated with this adversary proceeding by filing his voluntary petition for Chapter 7 relief under Title 11 of the United States Code (the "Bankruptcy Code") on July 13, 2020.[3] Mark A. Weisbart was appointed as Chapter 7 Trustee and held a § 341 meeting of creditors on August 18, 2021.[4] The notice of meeting of creditors set an initial deadline of October

---

[2] Much of the background described herein is derived from the docket in the Main Case. With regard to consideration of the Amended Motion, the Plaintiffs' factual allegations will be accepted as pled and will be viewed in the light most favorable to the Plaintiff (the non-moving party to the Defendants' Motion).

[3] *See In re Pettit*, No. 20-41570 (Bankr. E.D. Tex. Mar. 17, 2021).

[4] Dkt. #3 in the Main Case.

19, 2020 for filing objections to discharge.[5] Trustee filed two motions to extend this deadline.[6] These were granted by the Court[7] presiding in the Main Case.[8] The second of these extension orders set the deadline for objecting to discharge under 11 U.S.C. § 727(a) as December 30, 2020.[9]

On December 29, 2020, Trustee filed a "Third Motion to Extend Time to File Complaint Objecting to Discharge" (the "Third Motion") in the Main Case.[10] Defendant filed an objection to this Third Motion on January 17, 2021, and the Court scheduled a hearing for February 16, 2021.[11] The hearing on the Third Motion was continued and ultimately conducted on March 2, 2021 in the Main Case. On March 3, 2021, the Court in the Main Case denied the Third Motion.[12] The effect of denial of the Third Motion was that the deadline for filing an objection to Debtor's discharge was December 30, 2020. Prior to the hearing on the Third Motion but after December 30, 2020, on January

---

[5] *Id.*

[6] Dkt. ## 24 and 31 in the Main Case.

[7] The Hon. Brenda T. Rhoades has presided and continues to preside over the Main Case. This adversary proceeding is presided over by the Hon. Joshua P. Searcy. It is this Court which now renders a decision on the Amended Motion

[8] Dkt. ## 28 and 37 in the Main Case.

[9] *Id*.

[10] Dkt. #39 in the Main Case.

[11] Dkt. ## 44 and 45 in the Main Case.

[12] Dkt. #62 in the Main Case.

28, 2021, Trustee filed his "Complaint Objecting to Discharge" (the "Original Complaint") initiating this adversary proceeding. He filed the Amended Complaint on January 29, 2021.

Debtor-Defendant filed his Amended Motion and "Defendant's Amended Answer" (the "Amended Answer") on March 22, 2021, arguing that the adversary proceeding should be dismissed because it was "filed beyond its bar date."[13] Trustee filed his "Objection to Amended Motion to Dismiss" (the "Objection"), contending that the Amended Motion was "improperly filed and procedurally defective."[14]

### III. Relief Requested

Defendant seeks an order granting dismissal of the Amended Complaint.

### IV. Analysis

While neither party directly states issues based upon the Federal Rules of Bankruptcy Procedure in either the Amended Motion or Objection, several rules are essential to the Court's decision. Fed. R. Bankr. P. 4004(a), (b), (c), and 9006(b) are particularly relevant. The Court will first review the applicable rules and subsections before examining them in the context of the Amended Motion.

*A. Federal Rules of Bankruptcy Procedure 4004 and 9006(b)*

In a Chapter 7 case, Fed. Bankr. R. P. 4004(a) dictates that any objection to

---

[13] Defendant's Motion to Dismiss, ¶ 3, ECF No. 8.

[14] Trustee's Objection to Amended Motion to Dismiss, ECF No. 12.

discharge filed pursuant to 11 U.S.C. § 727(a) must be filed no later than 60 days after the first date set for the § 341(a) meeting of creditors. Generally, the time limit is strictly applied, but the Court may grant a motion extending the deadline before it expires. Fed. R. Bankr. P. 4004(b). The "underlying purpose" of the rule "is to provide the debtor with a definite date after which no party may object to discharge." *In re Gallagher*, 70 B.R. 288, 290 (Bankr. S.D. Tex. 1987) (citing *United States v. Ortman (In re Ortman)*, 51 B.R. 7, 8 (Bankr. S.D. Indiana 1984)). A court may grant an extension motion under Fed. R. Bankr. P. 4004(a) "only to the extent and under the conditions stated" in that rule.[15] Fed. R. Bankr. P. 9006(b)(3). The objecting creditor must demonstrate "cause" for an extension. Fed. R. Bankr. P. 4004(b)(1). The meaning of "cause" is not defined by Fed. R. Bankr. P. 4004, and is therefore subject to a court's discretion.[16] Fed. R. Bankr. P. 4004 is the functional equivalent of a statute of limitations because it bars a creditor's untimely objection to discharge. *DeAngelis v. Rychalsky (In re Rychalsky)*, 318 B.R. 61, 63 (Bankr. D. Del. 2004). The United States Supreme Court has outlined three purposes for the discharge rules, including Fed. R. Bankr. P. 4004: "First they inform the pleader, i.e. the objecting creditor, of the time he has to file the complaint. Second they instruct

---

[15] Fed. R. Bankr. P. 9006(b) mirrors and applies the same procedures as Fed. R. Civ. P. 6(b) for a party seeking an extension. Although the motion should be *filed* prior to the expiry date, a court not need to rule on the extension motion prior to the expiration of the time period.

[16] While courts have discretion, an extension under Fed. R. Bankr. P. 4004 cannot be granted for excusable neglect. Rule 9006(b)(3) excepts Fed. R. Bankr. P. 4004 from the "excusable neglect standard," because it is not allowed under the "extent" and "conditions" stated in Fed. R. Bankr. P. 4004. *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir. 1987).

the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits." *Case v. Watson (In re Watson)*, No. 04-46189, 2007 WL 4480130, at *2 (Bankr. S.D. Tex. Dec. 17, 2007) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)). The Fifth Circuit has held that Fed. R. Bankr. P. 4004 should be "strictly construed" because the procedural rules "reflect[] the overall goal of the bankruptcy process to provide individual debtors a fresh start." *Yaquinto v. Ward (Matter of Ward)*, 978 F.3d 298, 302 (5th Cir. 2020) (quoting *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1172 (5th Cir. 1991)).

Judge Rhoades granted two Rule 4004 extension motions in the Main Case, allowing the Trustee additional time to object to the Defendant's discharge.[17] The Third Motion seeking a further extension was denied.[18] Because the Third Motion was denied, the deadline for filing an objection to Debtor's discharge remained December 30, 2020. When the Trustee filed the Original Complaint approximately one month later on January 28, 2021, it was late as alleged by Defendant. Motions to dismiss, however, are disfavored in the Fifth Circuit and deserve further scrutiny. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

---

[17] Dkt. ## 31 and 37 in the Main Case.

[18] Dkt. #62 in the Main Case.

*B. Dismissal Motion and Consideration on the Merits*

Fifth Circuit precedent favors avoiding a dismissal with prejudice unless: "(1) the delay has been caused by the plaintiff himself, not by his attorney; (2) there is actual prejudice to the defendant; and (3) the delay has been caused by intentional conduct." *Kuenstler v. Half Price Books, Inc.*, 589 B.R. 138, 146 (E.D. Tex. 2018) (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)).

First, the docket in the Main Case evinces that delay in filing an objection to discharge was the result of Trustee's own extension motions. Neither the Trustee's Objection nor his Original or Amended Complaint allege that late-filing of the Original Complaint was delayed by the Defendant's actions.

Second, there is not only prejudice to Defendant in further delaying his "fresh start," but Defendant would be further prejudiced by undermining the Fifth Circuit's strict construction of Fed. R. Bankr. P. 4004. The Court in the Main Case has already twice extended the objection deadline, and Defendant agreed to one of Trustee's extensions by not objecting to the request.[19] By denying the Amended Motion outright, the Court would not only be allowing Plaintiff to file an untimely objection to discharge after the original Fed. R. Bankr. P. 4004(a) deadline, but after *two* subsequent extensions of that deadline. "The purpose of the bankruptcy laws is [to] quickly and effectively [] settle bankruptcy estates." *Oppenheim v. Bullock (Matter of Robintech, Inc.)*, 863 F.2d 393, 397-98 (5th

---

[19] Debtor's Limited Objection, ¶ 2, ECF No. 25.

Cir. 1989) (citing *Katchen v. Landy*, 382 U.S. 323, 328 (1966)). If the Court were to allow both multiple extensions *and* a late-filed objection to discharge, the Defendant would surely be prejudiced. Allowing such prejudice would contradict both the plain language of the relevant procedural rules and Fifth Circuit precedent interpreting those rules. Fed. R. Bankr. P. 4004(a); *see e.g. Matter of Robintech*, 863 F.2d at 397-98.

Finally, the delay was caused by Trustee's intentional conduct. The Trustee's two extension motions indicate he was aware of the deadline for filing a complaint objecting to discharge. Trustee controlled when he filed the Original Complaint, but chose to do so one month after the December 30, 2020 deadline, despite the risk of failure in obtaining a third extension.[20] Trustee is a "frequent player" in the bankruptcy process with professional knowledge of filing deadlines and the consequences of missing such deadlines. *See Matter of Robintech*, 863 F.2d at 398.[21]

In opposition, Trustee contends that the Amended Motion was "improperly filed and procedurally defective."[22] He did not provide any substantive basis for this assertion,

---

[20] *See* Plaintiff's Complaint Objecting to Discharge, ECF No. 1.

[21] In *Matter of Robintech*, the Fifth Circuit recognized the importance of procedures as "necessary to protect the bankrupt and the creditors," and that "exceptions cannot be made every time a creditor claims hardship." *Matter of Robintech*, 863 F.2d at 398 (citing *In re Cleary*, 18 B.R. 114, 115 (Bankr. W.D. Pa. 1982)). "Frequent players in the bankruptcy arena... are aware that deadlines are important and should not be heard to complain of unfairness except under the most egregious circumstances. To allow the late-filed claims of creditors...would be unfair to all of the creditors who filed on time, despite possible hardships..." *Matter of Robintech*, 863 F.2d at 398 (citing *In re Clear Fork Energy Resources Inc.*, 44 B.R. 110, 113 (Bankr. N.D. Tex. 1984)).

[22] Trustee's Objection to the Amended Motion, ECF No. 12.

and there were no filing or procedural issues with the Amended Motion readily apparent to the Court.[23] Defendant, who is *pro se*, cannot be expected to plead with the same clarity as a practicing attorney.[24] Accordingly, the Court agrees with the Amended Motion and finds little merit in the Objection. Thus, the Trustee is barred from objecting to the Defendant's discharge. As previously stated, however, Fifth Circuit precedent dictates that courts should avoid dismissal without deciding a case on the merits. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (describing the "pull to decide case on the merits" and allowing a plaintiff to "cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable."). Therefore, this adversary proceeding is not immediately dismissed.

C. The "Gap Period"

While the Trustee is barred from filing an objection to discharge under 11 U.S.C. § 727(a), the "Bankruptcy Code may provide other remedies to the Trustee." *Case v. Watson*, No. 04-46189, 2007 WL 4480130, at *5 (Bankr. S.D. Tex. Dec. 17, 2007). The Trustee may "bring a claim for the revocation of a debtor's discharge if a debtor obtained

---

[23] *Id.*

[24] Courts give great deference to pro se litigants in recognition of the fact that they are not lawyers and are not familiar with the intricacies of legal work. For example, the Supreme Court has instructed that documents filed by pro se litigants are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court has also directed that filings by pro se litigants should be subject "to less stringent standards than formal pleadings by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this deference is not limitless. Pro se litigants are not excused from following the Federal Rules of Civil Procedure and must still make some effort to comply with the rules that govern other litigants. *Roque v. Yniguez (In re Roque)*, No. EC-13-1048-KiPaJu, 2014 WL 351424, at *7 (B.A.P. 9th Cir. Jan. 31, 2014*); Conway v. Heyl (In re Heyl)*, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

his discharge through fraud or if the debtor received property of the estate and either did not disclose or deliver the property to the Trustee." 11 U.S.C. § 727(d)(1), (2). The Trustee alleges the Defendant violated 11 U.S.C. § 727(a)(4) "by giving a false oath."[25] The Fifth Circuit has acknowledged bankruptcy courts as "courts of equity," and "a court of equity is enabled to frustrate fraud and work complete justice." *Watson*, 2007 WL 4480130, at *6 (quoting *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 236 (5th Cir. 2000); *Tex. Co. v. Miller*, 165 F.2d 111, 116 (5th Cir. 1946)). Although the Trustee is barred from objecting to discharge because of his late-filed complaint, the Court will not immediately bar the Trustee from seeking another remedy when there is an allegation as serious as making false oaths. *See Nazar v. Schowengerdt (In re Schowengerdt)*, No. 02-15715, 2004 WL 2334727, *2-3 (Bankr. D. Kansas Feb. 19, 2004) (deciding not to dismiss complaint even though trustee late-filed because "serious" allegations like the failure to turn over financial information to the trustee warranted "consideration on the merits."); *see also Watson*, 2007 WL 4480130, at *6. Like in *Watson*, a discharge has not yet been entered in the Main Case, and so the Plaintiff "has not asserted a cause of action to *revoke* a discharge." *Id*. The court's solution in *Watson* was to allow the trustee "to replead under 727(d) rather than dismiss the current proceeding" by amending his complaint. *Watson*, 2007 WL 4480130, at *6; *see also Schowengerdt*, 2004 WL 2334727, at *3 (holding though trustee's complaint sought to

---

[25] Amended Complaint Objecting to Discharge, 4 ¶ 14, ECF No. 4-1.

revoke discharge before it had been entered, the revocation cause of action was not dismissed).

One of the requirements for a trustee to prevail on a 11 U.S.C. § 727(d)(1) cause of action is that he "did not know of the debtor's fraud until after the discharge was granted." *Watson*, 2007 WL 4480130, at *6 (quoting *United States v. Harrison*, 366 B.R. 656, 660 (S.D. Tex. 2007). This interplay between the requirement under 11 U.S.C. § 727(d)(1) for revocation and the deadline to object to discharge under Fed. R. Bankr. P. 4004(a) creates a "gap period" in which a debtor who committed fraud could ostensibly receive a discharge. Such a gap exists between expiration of the deadline to object to discharge and actual entry of a discharge order. This "gap period" has not yet been considered by the Fifth Circuit or the United States Supreme Court. *Id*. Several other courts, however, have confronted the "gap period."[26] *See Citibank v. Emery (In re*

---

[26] *See Walton v. Staub (In re Staub)*, 208 B.R. 602 (Bankr. S.D. Ga. 1997) (holding that an "administrative delay in the issuance of a discharge does not create a safe haven gap period" where debtors can obtain a discharge "through fraud"). In *Nazar v. Schowengerdt*, the court agreed with the Second and Ninth Circuits that debtors should not benefit when a discharge has not yet been entered. *Nazar v. Schowengerdt (In re Schowengerdt)*, No. 02-15715, 2004 WL 2334727, at *2-3 (Bankr. D. Kansas Feb. 19, 2004). The court also chose not to dismiss the adversary proceeding, rather instructing the clerk to issue the discharge and the "Trustee to again seek revocation." *Id*. The court noted that dismissal would "confuse the creditor body" because they would "receive and rely upon notice of discharge" but might not "receive notice of the Trustee's action to revoke it." *Id*.; *contra Powell v. First National Bank of Nashville, Ark.*, 113 B.R. 512, 513 (W.D. Ark. 1990) (holding that it was not the court's job to "rationalize" a gap created between a statute and a rule as the Ninth Circuit did in *Dietz*, but that it was the job of Congress); *but see Morse v. Perotta (In re Perotta)*, 406 B.R. 1, 17 (Bankr. D. N.H. 2009). The court in *Perotta* compared the strict approach by the court in *Powell* to the equitable approach in *Emery*. *Perotta*, 406 B.R. at 11-13. The *Perotta* court found that the procedural rules at issue, including Fed. R. Bankr. P. 4004(b), altered the "fresh start" policy, and that "providing an allegedly dishonest debtor with an opportunity to obtain a discharge in bankruptcy and get a fresh start, contrary to basic...bankruptcy policy as expressed in the Bankruptcy Code...would be an abuse of the bankruptcy

*Emery)*, 132 F.3d 892, 894 (2nd Cir. 1998); *see also Dietz v. Mitchell (In re Dietz)*, 914 F.2d 161, 162 (9th Cir. 1990).

In *Emery*, a creditor filed a complaint to revoke a debtor's discharge in a Chapter 7 case based on alleged fraud. *Emery*, 132 F.3d at 893. The debtor then moved to dismiss for failure to state a claim. The Second Circuit held that: (1) the creditor could seek revocation of discharge based on its discovery of debtor's alleged fraud during the "gap period" between the bar date for objecting to discharge and the discharge date, and (2) the statute of limitations for revocation action began to run as of the actual discharge date. *Id*. at 897; *contra Zedan v. Habash*, 529 F.3d 398, 405 (7th Cir. 2008) (finding that because creditor filed complaint to "revoke the discharge before it had ever been entered," court dismissed the complaint because it failed to state a claim under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012). The court in *Emery* found it unlikely that "Congress intentionally drafted a statute to punish fraudulent conduct by debtors that at the same time provides a period of immunity for such debtors." *Id*. at 896. The Second Circuit cited *Dietz*, a decision in which the Ninth Circuit affirmed the bankruptcy court's decision to consider a revocation request when the complaint was brought prior to a

---

process." *Id*. at 16. The court cited its power under 11 U.S.C. § 105(a) "to prevent an abuse of process," denied the dismissal motion, and directed the U.S. Trustee to amend her complaint within fifteen (15) days "to assert her existing objections to discharge under the provisions of 727(a)." *Id*. at 17.

formal entry of discharge, but after the deadline to seek a revocation.[27] *Dietz*, 914 F.2d at 162.

The Court finds the reasoning in *Watson*, *Emery*, and *Dietz* persuasive. The Trustee contends that Defendant "falsely testified and/or his Schedule or Statement of Financial Affairs fail[ed] to disclose" various assets.[28] While the Trustee may have held suspicions of Debtor's alleged false oaths prior to the deadline to object to discharge, it is unclear whether the Trustee's alleged *knowledge* arose prior to or after the deadline. While bound by the Fed. R. Bankr. P. 4004(a) deadline, this Court agrees it is unlikely that "Congress intentionally drafted a statute to punish fraudulent conduct by debtors that at the same time provides a period of immunity for such debtors." *Id*. at 896. As noted in *Watson*, 11 U.S.C. § 727 and Fed. R. Bankr. P. 4004 "are clear" in that the Court is to "forthwith grant the debtor a discharge at the expiration of 60 days after the first date set" for the 11 U.S.C. § 341 meeting. *Watson*, 2007 WL, at *7. Discharge orders, however, are "rarely entered precisely upon the expiration of the 60th day as set forth in Rule 4004(a)." *Id*. at 8. While it should be "fairly contemporaneous with the expiration of the Rule 4004(a) deadline," allowing such an administrative delay to provide a "gap period" in which a debtor can commit or confess fraud and "avoid [the] adverse consequences of

---

[27] The Ninth Circuit Bankruptcy Appellate Panel also addressed the "gap period" the year prior. *England v. Siriani (In re Stevens)*, 107 B.R. 702 (B.A.P. 9th Cir. 1989) (finding that when a discharge is not entered "forthwith" after the expiration of Rule 4004(a) period and until discharge is actually entered, while untimely, a party can file to revoke discharge under 11 U.S.C. § 727(d)).

[28] Amended Complaint Objecting to Discharge, 4 ¶ 14, ECF No. 4-1.

his actions" undermines the underlying purpose of the Bankruptcy Code. Therefore, the Trustee will be permitted to replead revocation of discharge under 11 U.S.C. § 727(d). *See Watson*, 2007 WL 4480130, at *6 (holding that a complaint may be filed prior to the entry of discharge) (citing *Marrama v. Citizens Bank of Massachusetts (In re Marrama)*, 549 U.S. 365, 375 (2007) (approving bankruptcy court's use of equitable powers to deny a conversion to avoid administrative process which would end up in the same place)).

### V. Conclusion

**IT IS THEREFORE ORDERED** that the "Amended Motion to Dismiss" filed in this adversary proceeding on March 23, 2021 by the Defendant, Ronald Waynee Pettit Jr., is hereby **GRANTED** so as to dismiss the Trustee's Amended Complaint objecting to discharge pursuant to 11 U.S.C § 727(a)(4), but is **DENIED** as to dismissal of the adversary proceeding in order to allow the Trustee, Mark A. Weisbart, the opportunity to file an amendment seeking revocation of discharge pursuant to 11 U.S.C. § 727(d).

**IT IS FURTHER ORDERED** that the Chapter 7 Trustee, Mark A. Weisbart, shall have until twenty-one (21) days after entry of this order to file an amended complaint in a manner consistent with this decision. If the Trustee either fails to file a timely amendment, or to plead a cause of action for revocation of discharge, this adversary proceeding will be dismissed.

Signed on 09/09/2021

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE